IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

YANG YANG,                                    )

                                           )

        Plaintiff,                      )    TC-MD 160251C

                                           )

        v.                              )

                                         )

WASHINGTON COUNTY ASSESSOR,    )

                                         )

        Defendant.                 )    **FINAL DECISION OF DISMISSAL**[1]

Plaintiff appealed the 2014-15 tax roll real market value of residential property identified as Account R2170678 (subject property), requesting a value "no higher than $600,000 for 2014-2015 tax year, instead of $720,000." Defendants' Answer alleged that the relief requested by Plaintiff "does not qualify for gross error under ORS 305.288 when compared to the certified roll value of $578,600." At the case management conference, held with Magistrate Davis on August 23, 2016, Plaintiff admitted that he had not petitioned the board of property tax appeals before appealing to this court and agreed to the following:

> "Plaintiff will submit information about the exact real market value he alleges for the real property that is the subject of this appeal as of January 1, 2014. Plaintiff must also show either that the real market value was at least 20 percent below the County's assessment or a 'good and sufficient reason' for failing to file an appeal with BOPTA prior to filing a complaint with this court. * * *."

(Journal Entry, Aug 26, 2016.)

Plaintiff's response, filed September 2, 2016, alleged that the tax roll real market value exceeded the actual real market value by over 20 percent:

> "As of 1/1/2014, the structure value of the property is $324,807.42 per Stone Bridge (the builder and owner of the construction back then). The land

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered September 22, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

value is $154,940 per Washington County.  Therefore, total value of the house is $479,747.  However, in Washington County 2014 tax statement the total value is $578,600, which is *20.6% higher*. * * *."

(Emphasis in original.)  Plaintiff's response went on to allege that the subject property's tax assessment was 22.5 percent higher than the assessment of a similar neighboring property. Plaintiff alleged the following as his reason for failing to file an appeal with the board of property tax appeals:  "Washington County policy did not allow me going through regular appeal process after I found out in early 2016 that County made significant error on my 2014 property tax."

Except in the cases of certain industrial property, taxpayers normally do not appeal the value of their property directly to the Magistrate Division, but must first petition their county boards of property tax appeals.  *See* ORS 305.275(3); ORS 309.100.[2]  Petitions to boards of property tax appeals may be made from the date the tax statements are mailed until December 31 of the year the tax statements are mailed.  *See* ORS 309.100.  There is no right of appeal to the Magistrate Division under ORS 305.275 for taxpayers who might have appealed to the board of property tax appeals but did not.  *See* ORS 305.275(3); *Richardson v. Dept. of Rev.*, TC 5260, WL 767116 (Feb 19, 2016).

Here, Plaintiff admittedly did not appeal to the board of property tax appeals and so does not have a right to appeal to this court under ORS 305.275.  Any authority the court might have to hear Plaintiff's appeal must come from elsewhere.

The court has authority to order changes to the valuation of certain dwellings outside the normal course of the appeal process where

"it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market

_____

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."

ORS 305.288(1)(b). *I.e.*, the court's authority only extends to cases where the difference between the tax roll value and the requested value is at least 20 percent of the tax roll value.

Here, the 2014-15 tax roll real market value was $578,600 and the real market value requested by Plaintiff was $479,747. The difference between those two values is $98,853, which is 17 percent of $578,600. Because Plaintiff requested a correction of less than 20 percent of the tax roll value, this court does not have jurisdiction under ORS 305.288(1).

Under ORS 305.288(3), the court may order a change to the tax roll where "good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal." "Good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" ORS 305.288(5)(b). Good and sufficient cause expressly does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." *Id*.

Here, Plaintiff's deadline for petitioning the board of property tax appeals was December 31, 2014, and he alleged that he did not learn of the error on the tax roll until 2016. Whatever policy of Defendant's it is that Plaintiff refers to, it cannot account for his failure to appeal his property tax assessment over one year previous. And, under the terms of the statute, Plaintiff's lack of knowledge about the error on the tax roll is not good and sufficient cause. The court does not have jurisdiction under ORS 305.288(3).

Finally, Plaintiff's concern about the disparity between the value of the subject property and the value of the similar, neighboring property is understandable but irrelevant in light of the

constitutional limitations on increases in property tax assessments brought about by Measure 50.

> "At one point, uniformity of assessment was an important consideration, so much so that the former name of what is now known as the board of property tax appeals was the board of equalization. However * * * with Measure 50, the touchstone is the historical assessed value of the property. How those assessed values compare across properties over time, and their relative disparities, is not a cause for correcting the tax roll."

*McKee v. Clackamas County Assessor*, TC-MD 050249A, 2005 WL 3108202 (Nov 18, 2005).[3]

Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this ___ day of October, 2016.

POUL F. LUNDGREN
MAGISTRATE


*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on October 11, 2016.*

---

[3] Persons interested in information about the operation of Measure 50 in Oregon's property tax system may consult the appendix of the Oregon Tax Court Handbook, available on the court's web site: courts.oregon.gov/tax.